**HUNTER–MARTIN, Appellant,**

v.

**WINCHESTER TRANSPORTATION, INC. et al., Appellees.**

[Cite as *Hunter-Martin v. Winchester Transp., Inc.* (1991), 71 Ohio App.3d 273.]

Court of Appeals of Ohio,
Shelby County.

No. 17–89–20.

Decided March 15, 1991.

*Alvarene N. Owens Co., L.P.A.,* and *Alvarene N. Owens,* for appellant.

*Freund, Freeze & Arnold* and *Neil F. Freund,* for appellees.

SHAW, Judge.

Plaintiff-appellant, Ruth Hunter–Martin, appeals the jury verdict of the Court of Common Pleas of Shelby County which found for defendants-appellees, Winchester Transportation, Inc. and Anthony Powell.

The record shows that, on September 4, 1987, Albert Hunter ("Hunter") was traveling northbound in a 1981 Toyota Corolla Tercel on Interstate 75 at 5:00 a.m. at a speed of five to twenty miles per hour. Defendant Powell, while in the course and scope of his employment as a truck driver for Winchester Transportation, Inc., was also traveling northbound on Interstate 75 at the same time, but traveling at sixty to seventy-two miles per hour. Powell drove into the Hunter vehicle and Hunter died as a result.

Plaintiff was named the administratrix of the estate of Albert Hunter and, on December 23, 1987, instituted this wrongful death suit. The lawsuit was brought on behalf of the alleged minor child of Hunter and other next of kin. Prior to the trial, defendants filed a motion for summary judgment on all claims of the alleged minor child. The trial court granted defendants' motion and issued an order prohibiting plaintiff from referring to the alleged minor child at trial.

The case was tried in the Shelby County Court of Common Pleas on October 10 through 13, 1989. One of plaintiff's expert witnesses, Dr. Merrill Allen, was called to testify as to the visibility of the Hunter vehicle by Powell. Defendants had moved for a motion *in limine* as to this testimony in their pretrial statement, but the trial court did not rule on the motion prior to trial. However, at trial, defendants objected to the testimony and a conference was held off the record. The court granted in part and overruled in part defendants' motion. The trial court allowed Dr. Allen to testify, except as to the visibility of Hunter's vehicle.

The jury found in favor of defendants. The interrogatory, submitted and answered by the jury, stated that they found that Hunter was one hundred percent negligent and proximately caused plaintiff's injuries. Plaintiff moved for a judgment notwithstanding the verdict, which the trial court overruled.

Thereafter, plaintiff filed the instant appeal, asserting two assignments of error:

"I. The trial court committed error in granting [defendants'] motions for summary judgment and in limine thereby dismissing [plaintiff's] decedent's illegitimate minor child from the case.

"II. The trial court abused its discretion and committed error prejudicial to [plaintiff] by not allowing highway visibility expert Merrill Allen, M.D. (optometrist) to testify in regards to decedent's car's visibility on Interstate 75 at

5:00 A.M. when impacted by [defendant Winchester's] 18 wheel flatbed tractor trailer truck."

■ As to the first assignment of error, it must be noted that the appeal from the granting of the summary judgment is not based on a genuine dispute as to a material fact, but that the judgment is inappropriate as a matter of law.

Plaintiff claims that a wrongful death claim can be maintained on behalf of Hunter's illegitimate child. In support of her contentions, plaintiff states that Ohio's descent and distribution statutes (R.C. Chapter 2105), which limit the ability of illegitimate children to inherit from their natural fathers, are altered by other chapters of the Revised Code, namely Ohio's Wrongful Death Act and Parentage Act (R.C. Chapters 2125 and 3111, respectively), and that Hunter's child has satisfied the requirements necessary to inherit from his natural father. Plaintiff further argues that the existence of the parent-child relationship had been determined pursuant to an R.C. 3111.03 paternity action and, thus, the trial court erred in dismissing Hunter's illegitimate child from the wrongful death claim.

However, the controlling statute in the case *sub judice* is in R.C. Chapter 2105. The terms "child" and "children" in R.C. 2105.06 include children born out of wedlock. See *Beck v. Jolliff* (1984), 22 Ohio App.3d 84, 22 OBR 237, 489 N.E.2d 825, syllabus. Prior to 1982, the illegitimate child could inherit from his father only through certain means. The father had to: (1) marry the mother and acknowledge the child as his (*Moore v. Dague* [1975], 46 Ohio App.2d 75, 75 O.O.2d 68, 345 N.E.2d 449); (2) formally acknowledge in probate court that the child was his with the consent of the mother (R.C. 2105.18); (3) designate the child as an heir-at-law (R.C. 2105.15); (4) adopt the child; or (5) make a provision for the child in his will. See *White v. Randolph* (1979), 59 Ohio St.2d 6, 13 O.O.3d 3, 391 N.E.2d 333, appeal dismissed (1980), 444 U.S. 1061, 100 S.Ct. 1000, 62 L.Ed.2d 743.

Currently, however, a child born out of wedlock can also inherit from his natural father by the alternate means of R.C. Chapter 3111, upon the establishment of the parent-child relationship under the Ohio Parentage Act. *Beck, supra,* at 87–88, 22 OBR at 240–241, 489 N.E.2d at 828–829. Nevertheless, whichever means are utilized to enable the child to inherit from his natural father, the required acts must be completed *prior* to the death of the father. Here, Hunter did not do any of the above-listed items or file an action under R.C. Chapter 3111. The action to which plaintiff refers was brought by the child and his mother *after* Hunter was killed.

We find, as a matter of law, that Hunter's son could not inherit from Hunter's estate, which includes any recovery from the wrongful death action.

Therefore, the trial court correctly granted defendants' motion for summary judgment and dismissed the claim of Hunter's child. Accordingly, plaintiff's first assignment of error is overruled.

■ As to the second assignment of error, plaintiff argues that the trial court erroneously excluded the testimony of its expert witness, Dr. Allen, as to the visibility of Hunter's vehicle at the time of the accident. Evid.R. 103(A) states, in pertinent part, that:

"(A) *Effect of erroneous ruling.* Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

" * * *

"(2) *Offer of proof.* In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked * * *."

Furthermore, the Ohio Supreme Court has found that, when evidence is excluded by virtue of a motion *in limine,* it is incumbent upon the party who has been restricted from introducing the evidence to proffer the evidence to "enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal." *State v. Grubb* (1986), 28 Ohio St.3d 199, 28 OBR 285, 503 N.E.2d 142, paragraph two of the syllabus.

Plaintiff did not introduce the evidence of Dr. Allen by way of a proffer. In fact, when defendants objected at trial, the discussion and arguments of counsel were off the record. We are unable to determine from the record what the excluded testimony of Dr. Allen would have been and we will not speculate as to what it would have been. Therefore, plaintiff has failed to preserve this issue for appeal and we overrule appellant's second assignment of error.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and EVANS, J., concur.