OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Yitzchak E. Gold, Assistant Court
Reporter.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.  Your
comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


     City of Middleburg Heights, Appellee, v. Ohio Board of
Building Standards, Appellant.
     [Cite as Middleburg Hts. v. Ohio Bd. of Bldg. Standards
(1992),     Ohio St.3d     .]
Building standards -- Municipal building department certified
     by Ohio Board of Building Standards may adopt additional
     regulations not in conflict with state law.
A municipality whose building department has been certified by
     the Ohio Board of Building Standards pursuant to R.C.
     3781.10(E) to enforce state and local building codes
     within its territorial jurisdiction may adopt additional
     regulations not in conflict with state law. (Springdale v.
     Ohio Bd. of Bldg. Standards [1991], 59 Ohio St.3d 56, 570
     N.E.2d 268, construed and followed.)
     (No. 91-1985 -- Submitted October 21, 1992 -- Decided
December 16, 1992.)
     Appeal from the Court of Appeals for Franklin County, No.
90AP-1289.
     Appellee, the Ohio Board of Building Standards ("board"),
was created by R.C. Chapter 3781.  The board is charged with
duties including the adoption of rules governing the erection,
construction, repair, alteration, and maintenance of all
buildings (with certain exceptions) in Ohio.  R.C. 3781.10(A).
Pursuant to this rulemaking authority, the board adopted the
Ohio Basic Building Code ("OBBC").  (See Ohio Adm.Code
4101:2-1-03.)
     The board is also authorized to certify municipal,
township and county building departments to enforce the OBBC at
the local level.  R.C. 3781.10(E).  The board certified the
building department of the city of Middleburg Heights ("city")
for such purpose.
     In 1989, the board issued an order revoking the city's
certification.  The board determined that certain provisions of
Chapter 1351 of the Codified Ordinances of the City of
Middleburg Heights ("city code") were in conflict with the
OBBC.  Specifically, the city code established structural and
fire safety construction standards exceeding the standards
adopted by OBBC.

Upon appeal, the Franklin County Court of Common Pleas affirmed the order of the board revoking the city's certification. The court of appeals reversed the trial court, holding that the revocation of the city's certification was improper because there is no conflict between the city code and the OBBC.

This cause is now before the court pursuant to the allowance of a motion to certify the record.

Calfee, Halter & Griswold, John E. Gotherman, John J. Eklund and Mark S. Yacano; and Peter H. Hull, Law Director, for appellee.

Lee I. Fisher, Attorney General, Raul Rosado, Jr. and Kathleen M. O'Malley, Assistant Attorneys General, for appellant.

Means, Bichimer, Burkholder & Baker Co., L.P.A., Craig D. Leister and Richard W. Ross, urging reversal for amicus curiae, Architects Society of Ohio.

Keith McNamara, urging reversal for amicus curiae, Associated General Contractors of Ohio.

Diane G. Porter, urging reversal for amicus curiae, Midwest Industrialized Unit Manufacturers Association.

Thompson, Hine & Flory, Jeffrey A. Appelbaum and Donald P. Screen, urging reversal for amici curiae, Flair Corporation and Ohio Consultative Council of the National Institute of Building Sciences.

Benesch, Friedlander, Coplan & Aronoff, N. Victor Goodman and Mark D. Tucker, urging reversal for amicus curiae, Ohio State Building and Construction Trades Council.

Edward G. Kramer, urging reversal for amicus curiae, Ohio Housing Coalition.

Spieth, Bell, McCurdy & Newell Co., L.P.A., and Timothy J. Grendell, urging reversal for amici curiae, Ohio Home Builders Association and Building Industry Association of Cleveland and Suburban Counties.

Barry M. Byron, urging affirmance for amicus curiae, Ohio Municipal League.

Ward & Associates, Alan E. Johnson and Leo R. Ward, urging affirmance for amici curiae, North Eastern Ohio Fire Prevention Association and Northeastern Ohio Fire Chiefs' Association.

Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy and Marc J. Jaffy, urging affirmance for amicus curiae, Ohio Association of Professional Fire Fighters.

Moyer, C.J.    The city of Middleburg Heights has challenged the Ohio Board of Building Standards' revocation of its building department's certification. A finding that the board had just cause for the revocation hinges on one issue: whether provisions of the city's building ordinance relating to fire protection requirements conflict with the Ohio Basic Building Code. No question is raised in this appeal concerning the city's constitutionally conferred home-rule authority. See Springdale v. Ohio Bd. of Bldg. Standards (1991), 59 Ohio St.3d 56, 570 N.E.2d 268.

The standard for determining whether a municipal ordinance conflicts with a general law of the state was first announced in Struthers v. Sokol (1923), 108 Ohio St. 263, 140 N.E. 519,

and remains unchanged: "In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids or prohibits, and vice versa."  Id. at paragraph two of the syllabus.  See, also, Fondessy Enterprises, Inc. v. Oregon (1986), 23 Ohio St.3d 213, 23 OBR 372, 492 N.E.2d 797; Lorain v. Tomasic (1979), 59 Ohio St.2d 1, 13 O.O.3d 1, 391 N.E.2d 726.

Applied to the present dispute, the question is whether the OBBC permits or licenses any construction in the state meeting its standards, or whether the OBBC provides minimum requirements, only forbidding or prohibiting construction not complying with its standards.  For the following reasons, we hold that absent any specific statutes limiting local regulation, the OBBC provides only minimum building requirements within Ohio.  Accordingly, a municipality whose building department has been certified by the Ohio Board of Building Standards pursuant to R.C. 3781.10(E) to enforce state and local building codes within its territorial jurisdiction may adopt additional regulations not in conflict with state law.

Pursuant to R.C. 3781.10, the board may adopt rules governing construction in Ohio.  An examination of additional language in the chapter demonstrates that such rules promulgated by the board are simply minimum requirements.

R.C. 3781.10(A) states:  "* * * The rules shall be the lawful minimum requirements specified for such buildings ***." R.C. 3781.11(A)(1) states the rules shall "[p]rovide uniform minimum standards and requirements for construction and construction materials * * *."

The chapter also states that local authorities may adopt their own standards that do not conflict with the state rules: "Chapters 3781. and 3791. of the Revised Code do not prevent the legislative authority of a municipal corporation from making further and additional regulations, not in conflict with such chapters or with the rules and regulations of the board of building standards.  * * *"  R.C. 3781.01.

Appellant argues that the inclusion of the word "uniform" in various sections of the chapter prior to the term "minimum standards" prevents a locality from adopting any ordinance pertaining to the same subject matter as the state rules. There is no dispute that a locality may not adopt enforceable standards less stringent than the OBBC regulations.  But appellant also urges that stricter standards may not be adopted by a local government because uniformity would be lost.

This interpretation would make the state rules not only minimum standards, but also maximum standards, because no local requirements that are more stringent than the state standards would be enforceable.  The term "minimum" would therefore be rendered meaningless.

Appellant asserts that to give effect to the word "uniform," municipal building ordinances may only "address their specific or local concerns in areas where the OBBC is silent."  Contrary to this argument, giving effect to the word "uniform" does not require that all local regulations pertaining to the same subject matter as the Ohio Basic Building Code be found unenforceable.  As written, the statute requires no more than the minimum standards to be applied uniformly throughout the state.  To accept appellant's

interpretation, this court must read into the statute language that does not exist, granting to the board exclusive regulatory authority over construction in this state.

Appellant also relies on two decisions from this court to support its view that a conflict between the city's ordinance and the OBBC exists: Springdale, supra, and Eastlake v. Bd. of Bldg. Stds. (1981), 66 Ohio St.2d 363, 20 O.O.3d 327, 422 N.E.2d 598.

In Springdale, the local building code authorized the city's building official to require the submission of a certificate from a registered architect or professional engineer upon application for a building permit. We held that decertification of Springdale's building department was justified because the local ordinance conflicted with R.C. 3791.042, which provides:

"If a building department certified under division (E) of section 3781.10 of the Revised Code does not have personnel in its full-time employ as described in division (E)(1)(a) of section 3781.10 of the Revised Code who are certified by the board of building standards to do plan and specification review, plans and specifications submitted to the building department shall be examined by the approved building official and shall be approved by him if the plans and specifications are determined to conform with the Ohio building code and Chapters 3781. and 3791. of the Revised Code, and if the plans and specifications satisfy both of the following requirements:

"(A) The plans and specifications were prepared by an architect who is certificated and registered pursuant to Chapter 4703. of the Revised Code, or by a professional engineer who is registered pursuant to Chapter 4733. of the Revised Code.

"(B) The plans and specifications contain a written certification by an architect or professional engineer, as described in division (A) of this section, that indicates that the plans and specifications conform to the requirements of the Ohio building code and Chapters 3781. and 3791. of the Revised Code."

The statute sets out two avenues for approval of building plans and specifications. The proper method of approval, as specified by the statute, must be followed, and depends upon the personnel employed by a local building department. Because the Springdale building department had full-time personnel qualified to approve plans and specifications, the city's requirement that there be additional certification conflicted with the statute.

A similar conflict between state and local regulation was presented in Eastlake, supra. Eastlake's building ordinance prohibited construction using industrialized building units unless the units were manufactured with a specified type of wiring. The Ohio Board of Building Standards allowed construction with industrialized units containing wiring prohibited by Eastlake. The General Assembly expressly provided that approval of industrialized units by the board constituted "approval for their use anywhere in Ohio." R.C. 3781.12. Uniform standards for industrialized units are necessary because the units are manufactured prior to shipment to the local construction site. Accordingly, as this court

stated in Eastlake:

"* * * Standardization of industrialized units, as described in R.C. Chapter 3781, necessarily precludes imposition of local requirements which conflict with the practices approved for statewide use. This is not the case with public buildings not using factory produced modules as the basic unit of construction. In those cases, the statutes do provide minimum standards only, and local authorities may impose higher standards consistent with local ordinances." Eastlake at 367-368, 20 O.O.3d at 330, 422 N.E.2d at 601.

In both Springdale and Eastlake we held that the local ordinances conflicted with state law. The Springdale ordinance attempted to forbid approval of building plans that were submitted without certification when R.C. 3791.042 specified that no such certification be submitted with building plans for approval. Similarly, in Eastlake, the local ordinance required industrialized units to adhere to a stricter standard of manufacture, in conflict with a statutory scheme that guaranteed approval of the units for construction anywhere in the state.

Local standards conflict with the state rules only when the standards prohibit that which the state allows, as in Eastlake, or require that which the state prohibits, as in Springdale.

The state rules at issue provide minimum requirements for fire safety. It is necessary for a builder to meet these requirements in order to obtain a building permit, but nowhere is there a statute or state rule providing that compliance with the board's rules is sufficient to obtain a permit. Therefore, Middleburg Heights' code does not conflict with the OBBC by prohibiting that which the state allows.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

Judgment affirmed.

Holmes, Wright and H. Brown, JJ., concur.
Sweeney, Douglas and Resnick, JJ., dissent.