OPINION
Sixteen-year-old Defendant-Appellant, Brandon Brown, appeals from a judgment of the Juvenile Division of the Court of Common Pleas of Hancock County adjudicating him delinquent on one count of discharging a firearm, in violation of a Findlay City Ordinance, and ordering Appellant to pay a $25 fine plus court costs. For the reasons expressed in the following opinion, we affirm the judgment of the trial court.
On June 24, 1998, law enforcement officials were dispatched to 205 Clinton Street in the City of Findlay regarding a neighborhood dispute. Upon arriving at that location, the officers learned that Appellant had shot another teenager in the back of the leg with a BB gun earlier that day, and the officers observed a red mark on the victim's leg. When questioned about the incident, Appellant admitted to shooting the other boy, but maintained that the victim asked to be shot and then laughed about it afterwards.
As a result of these events, Appellant was charged with discharging a firearm in violation of Section 549.08 of the Codified Ordinances of the City of Findlay. Although Appellant initially entered a denial, he subsequently withdrew the denial and admitted to the charge. On February 9, 1999, the trial court adjudicated Appellant delinquent and ordered the above mentioned fines and court costs. In addition, the court ordered Appellant's driver's license suspended until all outstanding fines and costs were paid.
Appellant then perfected the instant appeal, asserting a single assignment of error:
 Error occurs when a Defendant is sentenced to a violation of a City Ordinance which is in conflict with both the Constitution of the State of Ohio and the general laws of the State of Ohio.
As a threshold matter, we must point out that it is obvious from the record that Appellant failed to raise this constitutional argument during the trial court proceedings. "Failure to raise an apparent constitutional claim at trial operates as a waiver of that claim." State v. Messer (1995), 107 Ohio App.3d 51, 58, citing State v. Awan (1986), 22 Ohio St.3d 120, 123. Although an appellate court does have discretion to review a claim that was not raised at the trial level, "that discretion is ordinarily not exercised where the right to be vindicated was in existence prior to or at the time of trial." Id. In any event, even if we chose to exercise our discretion to review this claim on its merits, Appellant's argument would fail.
Findlay City Ordinance Section 549.08(a) provides that:
 No person shall discharge any air gun, rifle, shotgun, revolver, pistol, or other firearm within the corporate limits of the Municipality.
Appellant argues that this section is invalid under the Ohio Constitution because it conflicts with the general laws of the state. More specifically, Appellant maintains that a conflict exists because the city ordinance prohibits the discharge of an air or BB gun in the municipality limits while a similar state statute, R.C. 3773.21, does not prohibit such conduct. We are not persuaded.
In Struthers v. Sokol (1923), 108 Ohio St. 263, the Ohio Supreme Court set forth the standard for determining whether a local ordinance conflicts with the general laws of the state:
 [T]he test is whether the ordinance permits or licenses that which the statute forbids or prohibits, and vice versa.
Id. at paragraph two of the syllabus. The "vice versa" clause simply means that a city ordinance cannot forbid conduct that the state law permits. City of Cuyahoga Falls v. Morris (Aug. 19, 1998), Summit App. No. 18861, unreported, citing Lorain v. Tomasic
(1979), 59 Ohio St.2d 1, 4.
In applying the above standard, we conclude that the city and state laws that are germane to this matter do not conflict. Indeed, the relevant state statutes are silent on the issue of discharging an air or BB gun in certain public places. Thus, we note, as did the court in City of Cuyahoga Falls, supra, that "[t]he absence of any state legislation of this conduct demonstrates the lack of any conflict. Because no state statute expressly or implicitly authorizes [discharging such an instrumentality in a public place], no conflict is created by a municipality prohibiting it." Id. at *2. Therefore, we cannot find that the city ordinance is unconstitutional.
Appellant's assignment of error is overruled.
Having found no error prejudicial to the Appellant, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
BRYANT, P.J., and SHAW, J., concur.