JOURNAL ENTRY AND OPINION
Appellants, Julie Knaus and Raymond Knaus, are appealing the trial court's entry of judgment upon a jury verdict in favor of appellee, Higbee Company dba Dilliard's. Appellants also appeal the order granting a motion in limine as to appellants' expert testimony. For the following reasons, we affirm.
Julie Knaus tripped on the seam between two mats on the floor of appellee's store. Appellee filed a motion for summary judgment. Appellants' response to the motion for summary judgment attached an affidavit of their expert, Don Blackburn. Mr. Blackburn averred that he has been employed in the carpet business for 15 years, and has overseen the installation of commercial carpeting. In his opinion, the duct tape used to cover the seam between the mats was proper only as a temporary measure. The hazard must have existed for several days because the duct tape was visibly worn beyond its useful life. In his opinion, the condition created an unreasonable risk of harm.
On June 28, 1999, appellee filed a motion in limine to exclude the testimony of Don Blackburn. Appellee asserted that Blackburn's testimony was not relevant to determining an issue of material fact. Appellee attached an expert report, dated August 13, 1997, which did not opine whether a hazardous condition existed. Appellee also asserted that Blackburn's testimony was in the province of a lay person.
Before trial, the judge heard arguments in chambers concerning the motion in limine. No transcript was taken. The motion in limine was granted.
Trial was had. No transcript of the trial was filed in the record on appeal. The jury's verdict was in favor of appellee.
Appellants' sole assignment of error states:
 THE TRIAL COURT ERRED IN EXCLUDING THE EXPERT TESTIMONY OF PLAINTIFF'S EXPERT WITNESS DONALD BLACKBURN.
 [A] proponent who has been temporarily restricted from introducing evidence by virtue of a motion in limine, must seek the introduction of the evidence by proffer or otherwise at trial in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal.
Collins v. Storer Communiciations, Inc. (1989), 65 Ohio App.3d 443; see, also, State v. Grubb (1986), 28 Ohio St.3d 199. Appellant did not submit a trial transcript or a detailed statement of the evidence of the hearing on the motion in limine. Appellant has not demonstrated that she proffered the expert's testimony. See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Without a proffer, appellant did not preserve any error for purposes of appeal.
The issuance of a motion in limine itself may preserve the error for appeal if the exclusion of the evidence affects a substantial right, and the substance of the excluded evidence is apparent from the context of questioning by counsel who later seeks to predicate as error the exclusion of the evidence. McConnell v. Hunt Sports Ent. (1999),132 Ohio App.3d 657. It is questionable whether the record demonstrates what the content of the expert testimony would have been. See Hunter-Martin v. Winchester Transp., Inc. (1991), 71 Ohio App.3d 273. For the sake of argument, we will assume that appellant's expert would testify consistent with his report and affidavit. Appellant has not shown that she was prejudiced by the exclusion of the expert testimony, because appellant did not produce a transcript of the trial. Without knowing the other evidence at trial, it is impossible for this court to determine whether the exclusion of the evidence affected a substantial right. See generally Evid.R. 103(A).
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J., AND JOHN T. PATTON, J., CONCUR.
 __________________________ ANN DYKE ADMINISTRATIVE JUDGE