OPINION
{¶ 1} This appeal arises from a judgment entered by the Court of Common Pleas of Seneca County, Probate Division, which granted summary judgment to plaintiff-appellee, Laura B. Stima, and held that the appellee was an heir-at-law of Robert O. Warch, decedent.
 {¶ 2} The pertinent facts and procedural history of this case are as follows. Robert O. Warch, a resident of Seneca County, died intestate on September 5, 2001. At the time of his death, the decedent was not married.
 {¶ 3} In 1957, a bastardy action was brought against the decedent in the Juvenile Court of Huron County, Ohio.[1] By Journal Entry dated April 4, 1957, the juvenile court determined that Robert O. Warch was the father of Laura B. Harrimen (now Stima). By agreement, the decedent promised to pay Jeanene Harriman, the mother of the appellee, hospital expenses to Willard Hospital, including expenses for recent burns to the minor child, support of $7.50 per week for the child, and all extraordinary medical and dental expenses that may arise in the future. The decedent was also permitted to have the income tax deduction for the child. During his lifetime, the decedent never intermarried with Jeanene Harriman; provided for the appellee in his will; adopted the appellee; acknowledged the paternity of the appellee; or designated the appellee as his heir-at-law.
 {¶ 4} Shortly after the decedent's death, an estate proceeding was commenced on October 1, 2001, for the administration of the decedent's estate. Defendant-appellant and sister of the decedent, Ann Armatrout, was appointed as Administratrix of the estate. On October 15, 2001, the appellee filed a complaint for a Determination of Heirship to establish the heirs and next of kin of the decedent who were entitled to inherit pursuant to Ohio law.
 {¶ 5} Each of the parties filed cross-motions for summary judgment. The trial court denied the appellants' motion for summary judgment and granted the appellee's motion, finding that the appellee is the child and heir at law of the decedent by reason of the Huron County Juvenile Court Case No. 7966. The appellants now appeal asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR {¶ 6} "The trial court committed error to the prejudice of Defendants-Appellants in its failure to follow the holding in In reEstate of Vaughn (2001), 90 Ohio St.3d 544, by holding that the proceedings in the Juvenile Court of Huron County, Ohio, under former Ohio Revised Code Section 3111.01 et seq., as in effect in 1957, are determinative as to the paternity of Plaintiff-Appellee."
 {¶ 7} In considering an appeal from the granting of a summary judgment, our review is de novo, giving no deference to the trial court's determination.[2] Accordingly, we apply the same standard for summary judgment as did the trial court.[3] Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party.[4] The initial burden in a summary judgment motion lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims.[5] Those portions of the record include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action.[6]
 {¶ 8} The appellants, in their sole assignment of error, argue that the appellee cannot prevail in this case because the appellee did not prove that she was Warch's daughter prior to his demise. The appellants further assert that the deceased did not take any affirmative steps to claim the appellee as his child in his lifetime. In support of their position, the appellants rely in part on In re Estate of Vaughn.[7]
In Vaughn, the Court held that "[a] juvenile court admission of paternity pursuant to former R.C. 311.17 is not the equivalent of an acknowledgement of paternity required by former R.C. 2105.18 for vesting a child born out of wedlock with rights of inheritance from the natural father."[8]
 {¶ 9} The appellants' reliance on Vaughn is misplaced as the Ohio Supreme Court faced a fact pattern dissimilar to the one before this Court. Vaughn concerned a child who was born before June 29, 1982 and the revisions to R.C. Chapter 3111, and the death of the illegitimate child's alleged father that also occurred before June 29, 1982.[9]
This is a significant distinction, as the present case involves a child who was born before June 29, 1982, but whose biological father's death occurred after June 29, 1982. Also of import, Vaughn did not address the changes that occurred in the revisions to R.C. Chapter 3111, effective June 29, 1982.[10]
 {¶ 10} The term "child" as used in R.C. 2105.06 includes a child born out of wedlock if the parent-child relationship was established pursuant to the parameters set out in R.C. Chapter 3111, effective June 29, 1982.[11] Prior to June 29, 1982, the illegitimate child could inherit from her father only through certain means. "The father had to: (1) marry the mother and acknowledge the child as his; (2) formally acknowledge in probate court that the child was his with the consent of the mother (R.C. 2105.18); (3) designate the child as an heir at law (R.C. 2105.15); (4) adopt the child; or (5) make a provision for the child in his will."[12]
 {¶ 11} Currently, however, a child born out of wedlock may also inherit from her natural father by the alternate means of R.C. Chapter 3111, upon the establishment of the parent-child relationship under the Ohio Parentage Act, prior to the death of the father.[13] This Court, as did our sister court in Beck, finds that the proceedings under the old parentage determination, R.C. 3111.17, which found the decedent, Robert O. Warch, to be the father of the appellee, met the tests outlined in R.C. Chapter 3111 to establish the father-child relationship.[14]
Accordingly, the appellants' sole assignment of error is overruled.
 {¶ 12} Having found no error prejudicial to the appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 BRYANT and WALTERS, JJ., concur.
[1] Huron Juvenile Court Case No. 7966.
[2] Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720.
[3] Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826,829.
[4] Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995),73 Ohio St.3d 679, 686-87.
[5] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
[6] Civ.R. 56(C).
[7] (2001), 90 Ohio St.3d 544.
[8] Id., at syllabus.
[9] Id.
[10] Id.
[11] See Hunter-Martin v. Winchester Transportation, Inc. (1991),71 Ohio App.3d 273; Beck v. Jolliff (1984), 22 Ohio App.3d 84.
[12] Hunter-Martin, 71 Ohio App.3d at 275.
[13] Id, citing Beck, supra at 87-88.
[14] See Beck, 22 Ohio App.3d 84 at 88.