**BANK ONE TRUST CO. N.A. Appellee,**

v.

**REYNOLDS et al., Appellants.**

[Cite as *Bank One Trust Co., N.A. v. Reynolds,* 173 Ohio App.3d 1, 2007-Ohio-4197.]

Court of Appeals of Ohio,
Second District, Montgomery County.

Nos. 21755 and 21756.

Decided Aug. 17, 2007.

**4**

Christopher J. Cornyn, Karl A. Bekeny, and Frank R. Osborne, for appellee.

Paul G. Hallinan, C. Terry Johnson, Robin D. Ryan, and Christopher J. Cornyn, for appellants.

GRADY, Judge.

{¶ 1} This opinion consolidates two appeals from judgments of the probate court construing and applying the terms of a testamentary trust as they apply to two persons. Both judgments involve a similar issue: whether the person concerned is a potential beneficiary under the terms of the trust. The probate court held that neither person is a potential beneficiary, though the particular issues of law that led the court to those conclusions differ in the two cases. We hold in both cases that the probate court erred in so holding, and accordingly, we will reverse those judgments and remand both cases for the entry of correct judgments by the probate court.

{¶ 2} The underlying action was commenced by Bank One Trust Company, N.A. ("Bank One"), the successor trustee of a trust established by the Last Will and Testament of Frances R. Gallaher, who died in 1964. The trust provides, at Item V.A., that following Mrs. Gallaher's death, the trustee shall have the "unrestricted discretion" to manage and apply the assets and income of the trust "for the use of [Gallaher's] daughter, * * * grandchildren or * * * issue then living." Item V.C. further provides: "From and after the death of my daughter, my trustees shall hold and manage my trust assets for the benefit successively of my living lineal descendants, per stirpes, indefinitely, subject only to the termination of the trust as hereinafter provided." Item VII states: "The terms 'lineal descendants' and 'issue' as used herein shall include in every instance both blood and adoption relationships."

{¶ 3} Following Mrs. Gallaher's death in 1964, Bank One administered the trust for the benefit of Mrs. Gallaher's daughter, Frances Reynolds. Since Frances Reynolds's death in 2001, the trustee has administered and continues to administer the trust for the benefit of her two children, Rodney Reynolds and Rae Frances Reynolds.

{¶ 4} Rae Frances Reynolds has no children. Rodney Reynolds has a parent-child relation with two adult sons: Timothy Kilmartin, who is Rodney Reynolds's illegitimate child, and Mickey Reynolds, whom Rodney Reynolds adopted.

{¶ 5} Bank One commenced the underlying action seeking declarations from the probate court concerning the status of Timothy and Rodney as successive beneficiaries of the trust, after the death of both Rodney Reynolds and Rae Frances Reynolds, pursuant to Item V.A. of the trust, quoted above. A determination that they are potential beneficiaries would also confer rights on either or both of them under Item V.F. of the trust, which provides that the trust established by Frances R. Gallaher will terminate 21 years after the death of both Rae Frances Reynolds and Rodney Reynolds, and further states that "at that time the principal of the trust and any accumulated income shall vest in possession and be paid to the then living beneficiaries in the same proportions as the income thereof at that time would have been distributed were it not for the fact of the discretion with reference to such distribution hereinbefore vested in my trustees."

{¶ 6} The particular fly in the ointment in the case of both Timothy and Mickey is the nature of their parent-child relationship with Rodney Reynolds. In order for either to benefit from the trust, their respective relationships must be sufficient to make each a "lineal descendant" of Frances R. Gallaher, as she defined that term in her Last Will and Testament, which is "in every instance both blood and adoption relationships."

{¶ 7} Rodney Reynold's parentage of Timothy Kilmartin, Reynolds's illegitimate child, has never been established by law. In an effort to resolve the issue, Rodney and Timothy filed a joint stipulation in the probate court proceedings, agreeing that Rodney is Timothy's natural father. The stipulation was supported by DNA test results demonstrating that fact by an overwhelming probability. The probate court approved and adopted the stipulation in December 2002.

{¶ 8} Subsequently, the probate court determined that Mickey Reynolds, Rodney Reynolds' s adopted son, is barred by R.C. 3107.15(A)(3) from benefitting from the trust established by Frances R. Gallaher, a finding that is discussed below. Following that determination, Rodney Reynolds asked the court to vacate the prior joint stipulation that he is the natural parent of Timothy Kilmartin, pursuant to Civ.R. 60(B). The court granted that motion. Separate appeals were taken from the two judgments involving the status of Timothy and Mickey, and those are now before us for review.

{¶ 9} Before addressing the issues each appeal presents, we note a concern about the propriety of declaratory relief. Declaratory relief is available to ascertain the meaning of a trust. R.C. 2721.05(C). However, a declaration will not be made as to future rights in anticipation of an event that may never happen. *R.A.S. Entertainment, Inc. v. Cleveland* (1998), 130 Ohio App.3d 125, 719 N.E.2d 641. That is the case here, because the status as beneficiaries of the trust that Timothy and Mickey could enjoy are contingent on the deaths of both

Rodney Reynolds and Rae Frances Reynolds. The deaths of those current beneficiaries is certain to occur, but it is not likewise certain that either Timothy or Mickey will survive them or that any proceeds of the trust will then be available for distribution to Timothy and/or Mickey.

{¶ 10} Nevertheless, we believe that declaratory relief is warranted. If neither Timothy nor Mickey can be beneficiaries of the trust, its assets must be distributed in their entirety during the lives of the current beneficiaries in order to avoid an escheat to the state pursuant to R.C. 2105.06(J) of any balance remaining after their deaths, if there then are no other heirs at law of Frances R. Gallaher who could then benefit. That situation could produce a disorderly process that the trustee has a duty to avoid. On the other hand, if either Timothy or Mickey may subsequently benefit, especially upon termination of the trust, such disorder may be avoided. Therefore, declaratory relief is proper.

{¶ 11} The issue presented is whether the probate court erred when it held that neither Mickey Reynolds nor Timothy Kilmartin is a "lineal descendant" of Frances R. Gallaher and, therefore, not among the class of persons who are beneficiaries of the testamentary trust she established. "Review of questions of law relating to the constitutionality, construction, or interpretation of statutes and rules of (an) agency are de novo." Painter & Dennis, Ohio Appellate Practice (2007), Section 9:42. Likewise, as we observed in a prior appeal involving these same parties, "we apply *de novo* review to determinations of a testator's intent and the terms of a testamentary trust." *Bank One Trust Co., N.A. v. Reynolds*, Montgomery App. Nos. 20386 and 20402, 2004-Ohio-6670, 2004 WL 2849034, ¶ 12.

Case Number 21756

(Mickey Reynolds)

ASSIGNMENT OF ERROR:

{¶ 12} "The probate court erred in holding that ORC 3107.15(A)(3) is both constitutional on its face and as applied to the within case."

{¶ 13} The trust states that Frances R. Gallaher's lineal descendants "shall include in every instance both blood and adoption relationships." Mickey Reynolds is not related to Frances R. Gallaher by blood. Instead, he is related to her by adoption, having been adopted by Frances R. Gallaher's grandson, Rodney Reynolds. However, because Mickey Reynolds was 27 years old when he was adopted, his status as a beneficiary is affected by R.C. 3107.15(A)(3).

{¶ 14} R.C. 3107.15(A) provides that a final decree of adoption issued by Ohio, or per R.C. 3107.18(A) another state, "shall have the following effect * * *:

{¶ 15} "* * *

{¶ 16} "(2) To create the relationship of parent and child between petitioner and the adopted person, as if the adopted person were a legitimate blood descendant of the petitioner, for all purposes including inheritance and applicability of statutes, documents, and instruments, whether executed before or after the adoption is decreed, and whether executed or created before or after May 30, 1996, which do not expressly exclude an adopted person from their operation or effect;

{¶ 17} "(3) Notwithstanding division (A)(2) of this section, a person who is eighteen years of age or older at the time the person is adopted, and the adopted person's lineal descendants, are not included as recipients of gifts, devises, bequests, or other *transfers of property, including transfers in trust made to a class of persons* including, but not limited to, children, grandchildren, heirs, issue, *lineal descendants,* and next of kin, for purposes of inheritance and applicability of statutes, documents, and instruments, *whether executed or created before or after May 30, 1996,* unless the document or instrument expressly includes the adopted person by name or expressly states that it includes a person who is eighteen years of age or older at the time the person is adopted." (Emphasis added.)

{¶ 18} The trust established by the Last Will and Testament of Frances R. Gallaher, which she executed in 1959, neither identifies Mickey Reynolds by name nor states that persons who were more than 18 years of age when they were adopted are entitled to benefit from the trust. Therefore, per R.C. 3107.15(A)(3), and notwithstanding the broad definition of "lineal descendants" that Frances R. Gallaher adopted when she established her trust, Mickey is barred from benefitting pursuant to it.

{¶ 19} Article II, Section 28 of the Ohio Constitution states:

{¶ 20} "The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omissions, defects, and errors, in instruments and proceedings, arising out of the want of conformity with the laws of this state."

{¶ 21} Rodney Reynolds argues that R.C. 3107.15(A)(3), which became effective on March 14, 2003, cannot retroactively affect Mickey Reynolds's status as a beneficiary under the trust established by Frances R. Gallaher, a status that became effective on the death of her daughter, Frances Elizabeth Reynolds, on January 7, 2001. The probate court rejected Rodney's contention. The court reasoned that because the trustee has not exercised its discretion to distribute any proceeds to Mickey, he is not a "beneficiary." The court relied on *Thomas v. Harrison* (1962), 24 O.O.2d 148, 191 N.E.2d 862, which held that because a trust

beneficiary's interest is dependent on the exercise of discretion by a trustee is contingent, the interest does not vest or create any legally ascertainable interest until the trustee exercises its discretion.

{¶ 22} We agree that Mickey is not presently a beneficiary. The trustee is instructed to administer the trust for the benefit of Frances R. Gallaher's lineal descendants "successively," and Mickey cannot benefit until both Rodney Reynolds and Rae Frances Reynolds are deceased. And even then, whatever benefit Mickey may receive while the trust continues is wholly at the trustee's discretion. However, the trust will terminate 21 years after the deaths of both current beneficiaries, and at that point, the trustee is directed to distribute the proceeds remaining to the settlor's lineal descendants, who are by definition also its beneficiaries. That distribution, and Mickey's right to share in it, is not contingent on an exercise of discretion by the trustee. Therefore, even though Mickey's status has not yet vested, he has a legally ascertainable interest that the probate court could determine in relation to the constitutional claim.

{¶ 23} Whether a statute is unconstitutionally retroactive requires a two-step determination. The initial determination is whether the General Assembly intended the statute to apply retroactively. Because statutes are presumed to apply only prospectively, the statute must contain some language indicating that it applies to transactions or conduct occurring on or before the effective date of the statute before it will be held unconstitutional. *Bielat v. Bielat* (2000), 87 Ohio St.3d 350, 721 N.E.2d 28.

{¶ 24} R.C. 3107.15(A)(3) became effective on March 14, 2003, and states that its prohibitions against transfers of trust property apply to any and all documents or instruments, "whether executed or created before or after May 30, 1996." On its face, and in relation to the last will and testament that Frances Gallaher executed on June 29, 1959, and which became effective upon her death in 1964, the prohibitions of R.C. 3107.15(A)(3), as they apply to Mickey Reynolds, are plainly retroactive.

{¶ 25} The second determination that a constitutional inquiry requires is whether the retroactive statute is substantive or merely remedial. Enactment of retroactive remedial statutes does not offend Section 28, Article II of the Ohio Constitution. *Bielat; Nease v. Med. College Hosp.* (1992), 64 Ohio St.3d 396, 596 N.E.2d 432. "On the other hand, a retroactive statute is substantive—and therefore *unconstitutionally* retroactive—if it impairs vested rights, affects an accrued substantive right, or imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction." *Bielat*, 87 Ohio St.3d at 353, 721 N.E.2d 28, citing *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570; see,

also, *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489.

{¶ 26} When Frances R. Gallaher wrote her last will and testament in 1959, which became effective when she died in 1964, she identified the beneficiaries of her trust to include her "lineal descendants," and in Item VIII of her will and trust, Frances R. Gallaher identified her lineal descendants broadly to include "in every instance both blood and adoption relationships." That definition makes no distinction with respect to the age of the person when he or she is adopted.

{¶ 27} R.C. 3107.15(A)(3), which became effective in 2003, imposed a new obligation on persons who in a past transaction creating a trust benefitted adopted persons as Frances R. Gallaher did. That section requires the testator to also identify by name in the trust document those persons who are adults when they are adopted or to include a provision in the trust document expressly including persons who are 18 or more years of age when they are adopted. Frances R. Gallaher was not subject to those "burdens" or "obligations" when she wrote her will. They are burdens because they limit a settlor's right to create a trust as a means of "protecting property," which Section 1, Article I of the Ohio Constitution identifies as an inalienable right. R.C. 3107.15(A)(3) thus directly and materially affects substantive rights, and being retroactive in its effect with respect to the provisions of the testamentary trust that benefit Mickey Reynolds, R.C. 3107.15(A)(3) violates Article II, Section 28, and is therefore unconstitutional.

{¶ 28} An argument is made that because Ohio did not recognize adult adoptions in 1959 or 1964, Frances R. Gallaher could not have intended to benefit Mickey Reynolds. That is wholly speculative, and it runs counter to the broad and unrestricted definition of lineal descendants in Frances R. Gallaher's will that includes adopted persons "in every instance." There would be no reason for Frances R. Gallaher to have employed that expansive language had she intended to limit beneficiaries under her will and trust to persons who were minors when they were adopted, the only form of adoption available at the time. As we wrote in the prior appeal: "Ohio follows these general rules for reviewing will construction cases:

{¶ 29} " '1. In the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator.

{¶ 30} "2. Such intention must be ascertained from the words contained in the will.

{¶ 31} "3. The words contained in the will, if technical, must be taken in their technical sense, and if not technical, in their ordinary sense, unless it

appear(s) from the context that they were used by the testator in some secondary sense.

{¶ 32} "4. All the parts of the will must be construed together, and effect, if possible, given to every word contained in it.'" *Ohio Natl. Bank of Columbus v. Adair* (1978), 54 Ohio St.2d 26, 30 [8 O.O.3d 15] 374 N.E.2d 415, quoting from *Townsend's Exrs. v. Townsend* (1874), 25 Ohio St. 477, paragraphs one through four of the syllabus." *Bank One Trust Co., N.A. v. Reynolds*, 2004-Ohio-6670, 2004 WL 2849034, at ¶ 13–16.

{¶ 33} Those considerations weigh in favor of the inclusion of Mickey Reynolds, not his exclusion. The assignment of error is sustained.

Case Number 21755

(Timothy Kilmartin)

{¶ 34} After the probate court held that Mickey Reynolds is barred by R.C. 3107.15(A)(3) from benefitting from the trust, and probably because of that ruling, Rodney Reynolds moved pursuant to Civ.R. 60(B) to vacate his prior joint stipulation with Timothy Kilmartin that he is Timothy's natural father. The probate court granted the motion. Subsequently, Timothy sought a declaration pursuant to R.C. 2721.05(C) that he is a lineal descendant of Frances R. Gallaher and a potential beneficiary of her trust. The probate court denied his request. Timothy filed a timely notice of appeal from the denial of his request for a declaration.

{¶ 35} Timothy presents two assignments of error on appeal. We shall review them in reverse order, to facilitate our resolution of them.

SECOND ASSIGNMENT OF ERROR

{¶ 36} "The trial court erred in vacating the stipulation entered into between Messrs. Kilmartin and Reynolds regarding Mr. Reynolds' parentage of Mr. Kilmartin."

{¶ 37} The probate court vacated the joint stipulation on December 2, 2004. The court's order was made in a special proceeding, which is the action commenced by Bank One pursuant to R.C. 2721.05(C), and affected a substantial right. It was therefore a final order. R.C. 2505.02(B)(2). Timothy failed to file a notice of appeal from that order within 30 days thereafter. App.R. 4(A). Therefore, we lack jurisdiction to review the error assigned. *Ditmars v. Ditmars* (1984), 16 Ohio App.3d 174, 16 OBR 184, 475 N.E.2d 164.

{¶ 38} The second assignment of error is overruled.

FIRST ASSIGNMENT OF ERROR

{¶ 39} "The trial court erred in concluding that Mr. Kilmartin is not a lineal descendant by blood who is capable of taking under the trust of Mrs. Gallaher."

{¶ 40} Timothy's request for a declaration implicates issues of fact and law different from those that the probate court determined when it vacated the joint stipulation pursuant to Civ.R. 60(B). Therefore, that prior ruling creates no res judicata bar with respect to the issues of fact or law that Timothy's motion presented. *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226.

{¶ 41} The declaration that Timothy sought is supported by the DNA test results that were offered in support of the prior stipulation. They report a 99.95 percent probability that Rodney Reynolds is Timothy's father. The probate court denied the declaration that Timothy requested, relying on the holdings in *White v. Randolph* (1979), 59 Ohio St.2d 6, 13 O.O.3d 3, 391 N.E.2d 333, and *Byrd v. Trennor,* 157 Ohio App.3d 358, 2004-Ohio-2736, 811 N.E.2d 549.

{¶ 42} *White* and *Byrd* both involved equal-protection challenges brought by a decedent's alleged illegitimate child who was excluded from intestate inheritance by the statute of descent and distribution. Both courts held that in that instance, illegitimate children can inherit *from* their fathers only if paternity was established pursuant to law during the father's lifetime.

{¶ 43} In *Byrd,* Judge Fain carefully explained that legal acknowledgment of paternity during the intestate father's life is necessary in order to protect the father's right to then cut off an illegitimate child from any right of inheritance by writing a will that so provides. Those considerations have no application in this case. Frances R. Gallaher instead gave her instructions, in writing, in the last will and testament she executed. Further, she expressed her desire to benefit "in every instance * * * blood relationships." That would surely include the natural children of her grandson, Rodney Reynolds, including any who are illegitimate.

{¶ 44} The issue for the probate court was not whether Timothy would inherit *from* Rodney Reynolds pursuant to law but, instead, whether Timothy would inherit *from* Frances R. Gallaher pursuant to the last will and testament she executed. That Timothy's status as a beneficiary is *through* his relationship to Rodney Reynolds is immaterial. Neither was the probate court bound by the lack of a prior determination of legal parentage. The probate court was merely required by R.C. 2721.05(C) to determine and declare whether Timothy is a "lineal descendant" of Frances R. Gallaher for purposes of her trust because he is her relation by blood. If its results are accurate, the DNA test on which Timothy relies makes a finding that he is her blood relation virtually unavoidable.

{¶ 45} Even if the *White/Byrd* rationale could apply, for practical purposes, it is not necessarily dispositive of the issue that Timothy's request presents. *White* and *Byrd* both involved a deceased alleged father. Rodney Reynolds is alive, and at least one of the forms of legal acknowledgment recognized in *White* and *Byrd* remains available to him.

{¶ 46} R.C. 2105.15 authorizes any person to appear before a probate judge and designate another person as his heir at law in the event of his death. That section further provides that upon a proper filing, "the judge thereupon shall enter that fact upon his journal and make a complete record of such proceedings. Thenceforward, the person designated will stand in the same relation, for all purposes, to such declarant as he could if a child born in lawful wedlock. The rules of inheritance will be the *same between him and the relations by blood of the declarant,* as if so born." (Emphasis added.)

{¶ 47} Our mandate will require the probate court to determine whether Timothy Kilmartin is a "lineal descendant" of Frances R. Gallaher for purposes of her trust. On this record, that will turn on the evidence of DNA test results that Timothy offers. However, if instead Rodney Reynolds declares Timothy Kilmartin his heir at law pursuant to R.C. 2105.15, that will conclusively establish as a matter of law that Timothy is related by blood to Frances R. Gallaher, allowing the probate court also to declare that Timothy is a lineal descendant of Frances R. Gallaher for purposes of her trust.

{¶ 48} We believe that the probate court erred in applying the rule of *White* and *Byrd* on these facts. Accordingly, the first assignment of error is sustained.

Conclusion

{¶ 49} Case Numbers 21755 and 21756 will be returned to the Probate Court on our mandate to (1) declare that Mickey Reynolds is a lineal descendant of Frances R. Gallaher and (2) to determine whether Timothy Kilmartin is a lineal descendant of Frances R. Gallaher and, if the court so finds, to so declare.

Judgment reversed
and cause remanded.

BROGAN and DONOVAN, JJ., concur.