OPINION
{¶ 1} In a prior appeal, Bank One Trust Co., N.A. v. *Page 2 
Reynolds, 173 Ohio App.3d 1, 2007-Ohio-4197, we reversed the judgment from which the appeal was taken and remanded the case to the probate court to "determine whether Timothy Kilmartin is a lineal descendant of Frances R. Gallaher, and if the court so finds, to so declare."Id., ¶ 49.
 {¶ 2} Timothy Kilmartin's status as a lineal descendant of Frances R. Gallaher and a beneficiary of her testamentary trust is dependant on a finding that Kilmartin is the natural child of Rodney Reynolds, who is a grandson of Frances R. Gallaher. In proceedings leading to the first appeal, Kilmartin and Reynolds jointly stipulated that Kilmartin is Reynolds' natural child. Their joint application was supported by DNA test results. Reynolds subsequently moved to withdraw that stipulation, however, and the probate court granted the motion. No appeal was taken from that order of the probate court. Instead, Kilmartin filed his own application, attaching the same DNA test results.
 {¶ 3} On remand, the Probate Court found that there was no need for additional hearings on the question. The Probate Court then found:
 {¶ 4} "In this case, a DNA test of 99.95% accuracy established Rodney Reynolds as Timothy's natural father. This combined with the joint stipulation agreeing that Rodney was *Page 3 
the natural father makes it clear that Rodney is Timothy's father. The withdrawal of his stipulation does not change the fact that it is 99.95% likely that Rodney is Timothy's natural father. Therefore, Timothy is a lineal descendant and successor beneficiary under the trust." Decision, p. 3-4.
 {¶ 5} Rodney Reynolds filed a timely notice of appeal and presents the following assignment of error:
 {¶ 6} "THE TRIAL COURT ERRED IN GRANTING JUDGMENT UPON REMAND BYHOLDING KILMARTIN TO BE A TRUST BENEFICIARY WITHOUT A HEARING ANDWITHOUT ANY EVIDENCE TO ESTABLISH HIS BLOOD RELATION TO FRANCES R.GALLAHER OR PATERNAL RELATIONSHIP WITH REYNOLDS BY ANY PROPER ANDLAWFULLY RECOGNIZED METHOD." In our prior decision, we noted: "If itsresults are accurate, the DNA test on which Timothy relies makes afinding that he is her blood relation virtually unavoidable."2007-Ohio-4197, at ¶ 44. We then held that "[o]ur mandate will requirethe probate court to determine whether Timothy Kilmartin is a `linealdescendant' of Frances R. Gallaher for purposes of her trust. On thisrecord, that will turn on the evidence of DNA test results that Timothyoffers." Id., para;47. In order to determine whether Kilmartin was a lineal descendant of Frances Gallaher, the probate court was required to determine whether the DNA test results attached to Kilmartin's application were *Page 4 
reliable and accurate. We agree with Reynolds that the probate court should have held an evidentiary hearing to determine the reliability and accuracy of the DNA test results, and to accept further relevant evidence, if any, from the parties.
 {¶ 7} At oral argument, counsel for Kilmartin contended that any objections Reynolds may have had to the DNA test results submitted with Kilmartin's application were evidentiary objections that were waived because Reynolds failed to raise them in his opposition to Kilmartin's application. Counsel cited Loukinas v. Roto-Rooter Services Co.,167 Ohio App.3d 559, 2006-Ohio-3172, in support of Kilmartin's position.
 {¶ 8} Loukinas held that "[t]he failure to object to evidence submitted in support of a motion for summary judgment waives any error in considering that evidence under Civ. R. 56(C)." 2006-Ohio-3172, at _22. According to Loukinas, "a court may consider evidence other than that listed in Civ. R. 56 when there is no objection." Id.
 {¶ 9} The holding in Loukinas is inapposite to the unique circumstances of this case. Kilmartin attached the DNA results to his application for a judicial declaration, not to a motion for summary judgment, as was the case in Loukinas. *Page 5 
We cannot construe Kilmartin's motion as one for summary judgment as his motion was not styled a motion for summary judgment and it did not contain any language regarding an absence of a "genuine issue of material fact." See Civ. R. 56. Further, even had the probate court construed Kilmartin's motion as one for summary judgment, the probate court would have been required to provide notice of a hearing, whether oral or non-oral. Hooten v. Safe Auto Ins. Co., 100 Ohio St.3d 8,2003-Ohio-4829. No notice was provided.
 {¶ 10} The probate court erred in failing to hold an evidentiary hearing to determine the accuracy and reliability of the DNA test results submitted by Kilmartin and to hear any other relevant evidence the parties might offer. Therefore, the assignment of error is sustained. The judgment of the probate court is reversed and the cause remanded for further proceedings consistent with this opinion.
BROGAN, J. and DONOVAN, J., concur.
Copies mailed to:
Karl A. Bekeny, Esq.
William A. Rogers, Jr., Esq.
Michelle S. Vollmar, Esq.
Christopher J. Cornyn, Esq.
Paul G. Hallinan, Esq.
C. Terry Johnson, Esq.
Robin D. Ryan, Esq.
 Hon. Alice O. McCollum *Page 1