[Cite as *Miller v. Shreve*, 2014-Ohio-4612.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


ROBERT MILLER, EXECUTOR OF          :      JUDGES:
THE ESTATE OF DECATUR MILLER,       :
SR.                                 :
                                    :      Hon. Sheila G. Farmer, P.J.
    Plaintiff-Appellee               :      Hon. Patricia A. Delaney, J.
                                    :      Hon. Craig R. Baldwin, J.
-vs-                                :
                                    :      Case No. 14CA3
                                    :
JOANN SHREVE, ET AL.                :
                                    :
                                    :
                                    :
    Defendant-Appellant              :      O P I N I O N


CHARACTER OF PROCEEDING:            Appeal from the Guernsey County Court
                                   of Common Pleas, Probate Division,
                                   Case No. 13 PV 051761



JUDGMENT:                          REVERSED & REMANDED



DATE OF JUDGMENT ENTRY:            October 16, 2014



APPEARANCES:

For Plaintiff-Appellee:                      For Defendant-Appellant:

RICHARD A. BAKER                             KENT D. BIEGLER
819 Steubenville Ave.                        TRIBBIE, SCOTT, PLUMMER et al.
Cambridge, OH 43725                          139 West 8th Street
                                             P.O. Box 640
                                             Cambridge, OH 43725

*Delaney, J.*

{¶1} Defendant-Appellant Joann Shreve appeals from the January 3, 2014 Judgment Entry Final Order of the Guernsey County Court of Common Pleas, Probate Division. Plaintiff-Appellee is Robert Miller, Executor of the Estate of Decatur Miller, Sr.

**FACTS AND PROCEDURAL HISTORY**

{¶2} Decatur Miller, Sr. ("Decatur") and Marguerite Miller ("Marguerite") were husband and wife and owned property located at 517 Orchard Avenue, Cambridge, Ohio (the "Property") as tenants in common. Appellant is the daughter of Decatur and Marguerite.[1]

{¶3} On June 22, 2001, Marguerite executed a durable Power of Attorney (POA) granting Decatur or appellant the ability to act as her POA.

{¶4} On October 20, 2003, three documents relevant to this case were recorded: the POA on behalf of Marguerite by appellant; a quit-claim deed executed by Marguerite, through appellant as POA, purporting to transfer Marguerite's interest in the Property to Decatur; and a transfer-on-death deed executed by Decatur and Marguerite, through appellant as POA, purporting to transfer the Property to appellant.

{¶5} Marguerite died testate on January 3, 2004. No probate estate was opened.

{¶6} Decatur died testate on September 16, 2010. His executor listed the Property as an asset of the estate filed on November 19, 2012.

---

[1] Default judgment was granted against the remaining children and grandchildren of Decatur named in his probated Will to share properties of the estate in equal shares. Those children and grandchildren are not parties to this appeal (with the exception of Robert Miller as the executor of Decatur's estate).

{¶7} Appellant objected to listing the Property in the inventory. A hearing was held on January 9, 2013; appellant's objections were overruled and the Probate Court issued a Judgment Entry Order Approving Inventory and Appraisal. Pertinent to this appeal, the Probate Court found, e.g., "[t]he executor has proved that the entire interest, but maybe only an undivided one-half (1/2) interest in the real estate is a probate asset of the estate and should be included as an estate asset (*sic*)." The Probate Court also found:

> The request of the executor to settle the issue of ownership is denied by this Court. The hearing was upon exceptions to the inventory and this court cannot render a finding as to a partial or full interest in the real estate. The title to the real estate should be settled either in the General Division or the Probate Division with all parties in interest due process rights protected (*sic*).

{¶8} To that end, appellee filed a complaint for declaratory judgment in the instant case on February 15, 2013, asserting the transfer of the Property to appellant was invalid and the Property is an asset of the estate which should be distributed according Decatur's will.

{¶9} On April 15, 2013, appellee filed a motion for summary judgment; appellant responded and appellee replied.

{¶10} The trial court granted summary judgment for appellee on January 3, 2014, finding appellant did not rebut the legal presumption of undue influence under these circumstances, voiding the purported transfer of the Property to appellant, and finding the Property to be an asset of Decatur's probate estate subject to administration.

{¶11} Appellant appeals from the trial court's judgment entry of January 3, 2014.

{¶12} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶13} "I.  THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AND DECLARATORY JUDGMENT AS WELL AS THE OTHER RELIEF SOUGHT BY PLAINTIFF FOR THE FOLLOWING REASONS: A) THE PLAINTIFF'S MOTIONS FAILED TO SET FORWARD SPECIFIC FACTS TO ADDRESS THE VALIDITY OF THE TRANSFER ON DEATH DEED OF DECATUR MILLER, SR.[;] B) ALTHOUGH THE TRIAL COURT RESTRICTED THE APPLICATION OF MARGUERITE MILLER'S POWER OF ATTORNEY AND QUIT CLAIM DEED, THE EXPRESS LANGUAGE OF THE POWER OF ATTORNEY PERMITS THE ACTIONS TAKEN BY APPELLANT[;] C) THE TRIAL COURT'S DETERMINATION THAT CERTAIN EXHIBITS OF APPELLANT WERE INADMISSIBLE WAS IN ERR (*sic*) OF THE EXPRESS LANGUAGE OF THE SECOND PARAGRAPH OF OHIO REVISED CODE 2317.02(A)(1) WHICH CONTAINS AN EXCEPTION RENDERING THESE EXHIBITS ADMISSIBLE."

{¶14} "II.  IF THE ABOVE ASSIGNMENTS STANDING ALONE FAIL TO RISE TO THE LEVEL OF REVERSIBLE ERROR, THE CUMULATIVE WEIGHT OF THOSE ERRORS MERIT RECONSIDERATION OF THIS MATTER."

**ANALYSIS**

I., II.

{¶15} Appellant's two assignments of error will be considered together. Appellant argues the trial court erred in granting summary judgment for appellee.  We agree.

{¶16} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56, which was reaffirmed by the Ohio Supreme Court in *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.
>
> *State ex rel. Parsons v. Fleming*, 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994), citing *Temple v. Wean United, Inc.* 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶17} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgment motions on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 56 N.E.2d 212 (1987).

{¶18} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates

the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, 674 N.E.2d 1164, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264.

{¶19} Civil Rule 56(E) requires: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters in the affidavit. Sworn or certified copies of all paper or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits."

{¶20} The ultimate issue in this case is whether appellant as POA for Marguerite met her burden of proof on the issue of fairness of the underlying transactions purporting to transfer the Property to her. To meet this burden before the trial court, appellant responded to appellee's complaint and motion for summary judgment with, e.g., an affidavit of Mary B. Keith, the attorney who prepared the documents, attesting to Decatur's intent in effectuating the transfer of the Property by means of the quit-claim deed and transfer-on-death deed.

{¶21} As POA and donee of the Property, appellant bears a significant burden of proof. "A power of attorney * * * is a written instrument authorizing an agent to perform specific acts on behalf of the principal." *In re Guardianship of Simmons*, 6th Dist. Wood No. WD–02–039, 2003-Ohio-5416, 2003 WL 22319415, ¶ 25, citing R.C. 1337.09 and *Testa v. Roberts*, 44 Ohio App.3d 161, 164, 542 N.E.2d 654 (6th Dist.1988). (Other

citation omitted.) "The holder of a power of attorney has a fiduciary relationship with the principal. Such a relationship is 'one in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special trust.' " (Citations omitted.) *Simmons* at ¶ 25, quoting *Stone v. Davis*, 66 Ohio St.2d 74, 78, 419 N.E.2d 1094 (1981). "In such a relationship, the person who holds the power of attorney bears the burden of proof on the issue of the fairness of transactions between himself and the principal." Id., citing *Testa* at 164, 542 N.E.2d 654.

{¶22} In *Simmons*, the court of appeals also stated that:

Where there is a confidential or fiduciary relationship between a donor and donee, a transfer of money or property from donor to donee is viewed with suspicion that the donor [sic] may have exercised undue influence on the donor. Even if a POA gives an express grant of authority to an attorney-in-fact to make gifts to third persons, including the attorney-in-fact, it does not remove all obligations owed to the principal. In such cases, a presumption of undue influence arises and the burden of going forward with evidence shifts to the donee to show that his conduct was free of undue influence or fraud and that the donor acted voluntarily and with a full understanding of his act and its consequences. The donee may rebut the presumption of undue influence by a preponderance of the evidence. (Citations omitted.)

*In re Guardianship of Simmons*, 6th Dist. Wood No. WD–02–039,

2003-Ohio-5416, 2003 WL 22319415, ¶ 26.

{¶23} Before we reach the merits of the parties' arguments, however, we must address the Civ.R. 56 evidence in the record. Appellant responded to appellee's motion for summary judgment with an argument premised upon, essentially, "legal advice." The crux of appellant's explanation as to why the purported transfer of the Property occurred through use of the POA, quit-claim deed, and transfer-on-death deed, is based upon the advice of Decatur's counsel. The trial court found it could not weigh this evidence in its decision because it is subject to attorney-client privilege which has not been waived by Decatur's executor, appellee. We disagree with the trial court's exclusion of this evidence.

{¶24} R.C. 2317.02(A)(1) states:

The following persons shall not testify in certain respects:

An attorney, concerning a communication made to the attorney by a client in that relation or concerning the attorney's advice to a client, except that the attorney may testify by express consent of the client or, if the client is deceased, by the express consent of the surviving spouse or the executor or administrator of the estate of the deceased client. However, if the client voluntarily reveals the substance of attorney-client communications in a nonprivileged context or is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the attorney may be compelled to testify on the same subject.

**The testimonial privilege established under this division does not apply concerning a communication between a client who has since died and the deceased client's attorney if the communication is relevant to a dispute between parties who claim through that deceased client, regardless of whether the claims are by testate or intestate succession or by inter vivos transaction, and the dispute addresses the competency of the deceased client when the deceased client executed a document that is the basis of the dispute or whether the deceased client was a victim of fraud, undue influence, or duress when the deceased client executed a document that is the basis of the dispute.** (Emphasis added.)

{¶25} There is a dearth of case law on this statutory exception to the attorney-client privilege. We note 1 Baldwin's Oh. Prac. Merrick-Ripner Prob.L., Section 5.1, Privileged communications—Statutory protection (2013) states in pertinent part:

2006 House Bill 144, effective June 15, 2006, primarily waives the attorney-client privilege, R.C. 2317.02(A), as amended * * * in certain post-death probate litigation such as will and trust contests, a construction action concerning a will or trust document, a dispute concerning joint and survivorship property, a payable on death asset, a transfer on death deed or asset, the validity of a gift, a change in the beneficiary provisions of a pension or insurance

policy, etc., all examples where the parties to the action claim an interest in the property through the same deceased person.

{¶26} We conclude, therefore, the Keith affidavit is competent evidence in appellant's response to the motion for summary judgment. Because we find the Keith affidavit should have been weighed in the trial court's decision based upon R.C. 2317.02(A)(1), supra, we reverse the decision of the trial court granting summary judgment for appellee with instructions to consider the Keith affidavit in reviewing appellee's motion for summary judgment.

{¶27} Appellant's first assignment of error is therefore sustained and her second assignment of error is overruled as moot.

## CONCLUSION

{¶28} Appellant's first assignment of error is sustained, the judgment of the Guernsey County Court of Common Pleas, Probate Division is reversed, and this matter is remanded for further proceedings consistent with this opinion.

By: Delaney, J. and

Farmer, P.J.

Baldwin, J., concur.