[Cite as *Boli v. Huntington Natl. Bank*, 2022-Ohio-2127.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| HEATHER BOLI, | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2021CA00113 |
| | : | |
| HUNTINGTON NATIONAL BANK, | : | |
| TRUSTEE, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
Common Pleas, Case No.
2020CV00922


JUDGMENT:                    REVERSED AND REMANDED


DATE OF JUDGMENT ENTRY:      June 17, 2022


APPEARANCES:


For Plaintiff-Appellant:              For Defendants-Appellees:

KARAN A. MOSS                         RONALD B. LEE
FRANK J. WITSCHEY                     STEVEN COX
WITSCHEY, WITSCHEY &                  LAURA M. FAUST
FIRESTINE LPA                         ROETZEL & ANDRESS, LPA
405 Rothrock Road, Ste. 103           222 South Main St.
Akron, OH 44321                       Akron, OH 44308

*Delaney, J.*

{¶1} Plaintiff-Appellant Heather Boli ("Heather") appeals from the September 21, 2021 judgment entry granting Defendant-Appellee Huntington National Bank's ("Huntington") motion for summary judgment and overruling Heather's motion for partial summary judgment.

## FACTS AND PROCEDURAL HISTORY

{¶2} This case arose on February 27, 1980, when Per Lee P. Boli created a revocable living trust, the principal of which was to be used for the benefit of Per and his wife, Miriam, and their children Deborah and Heather.[1] The terms of the Trust permitted Per to modify, amend, or revoke the Trust. Additionally, the Trust provided that after the death of Per, the Trustee could "in its discretion, pay to or for either daughter such amounts from the principal of her part as the Trustee may deem necessary for her health, welfare, maintenance, comfort and support."

{¶3} On November 16, 1987, Per amended the Trust ("First Amendment"). The relevant portions of the First Amendment are as follows:

> Per included a provision for his grandchild, Heather's son, Justin L. Boli.
>
> Per removed language permitting payment of the principal balance to his daughters, replacing it with language instructing the Trustee to "divide the Trust estate into two equal parts" and payment of income by the Trustee to each of the daughters at convenient intervals.

---

[1] Miriam predeceased Per in 1993.

Per removed the language permitting discretionary distributions from the principal balance on behalf of either daughter.

{¶4} On November 22, 1994, Per amended the Trust for the second time ("Second Amendment"). Section 3(c) of the Second Trust Amendment provides that upon the Settlor's death, in pertinent part:

* * * *.

The Trustee shall divide the trust estate into two equal parts…separate records shall be maintained for each part. The income from one part shall be paid by the Trustee to each of my said daughters…at least quarterly during her lifetime. If either daughter dies without issue surviving, her part shall go to her sister or that sister's issue subject to the provisions of this trust; if either sister dies leaving issue surviving, her part shall go to such issue as each reaches the age of 21, subject to the provisions of this trust and subject to the provision herein made for Justin L. Boli.

* * * *.

{¶5} Contemporaneously, Per permitted a loan from the Trust to Deborah in the amount of $36,000. The loan was discharged from 1995 through 1998 through a series of annual gifts to Deborah.

{¶6} Per simultaneously gifted equal amounts of money to Heather.

{¶7} Heather took a loan against the Trust in 1996. At the time of Per's death in 2001, Heather owed the Trust $20,000 on the loan, which was listed as an estate asset in Per's estate.

{¶8} On April 23, 2009, the Trustee attempted to modify the Trust in Stark County Probate Court. The Trustee sought permission to make additional distributions of the principal to Heather and Deborah. On August 28, 2009, the Probate Court ruled the Trust could not be modified, noting Per's amendment of the Trust prior to his death which disallowed distributions from the principal balance to Heather and Deborah and instead permitted only income distributions.

{¶9} Deborah passed away on July 25, 2015. At the time of her death, Deborah was no longer indebted to the Trust.

{¶10} Upon Deborah's death, Heather began receiving Deborah's distributions from the Trust. Deborah's distribution amount was larger than Heather's. Heather questioned why the distribution amounts from two separate parts were unequal. In February 2020, she questioned a Huntington National Bank trust officer and was given a copy of the Boli Trust and its Amendments.

{¶11} Heather believed the unequal distributions were from mismanagement of section 3(b) of the Trust.

{¶12} Heather also believed that pursuant to Section 3(c) of the Second Trust Amendment, she should have received Deborah's "part" of the principal upon Deborah's death. Heather requested distribution of Deborah's part but the Trustee refused, interpreting section 3(c) of the Second Trust Amendment as requiring only income distributions to Heather from Deborah's part.

{¶13} On June 22, 2020, Heather filed suit in the Stark County Court of Common Pleas when the Trustee refused to pay additional distributions or accountings to which Heather argues she is entitled.

{¶14} Heather's complaint asserts three causes of action: Count One requests a full and complete accounting of Trust assets, receipts, disbursements, and other financial information regarding the Trust; Count Two requests an order for specific performance for the Trustee to make certain distributions; and Count Three requests that the Trustee be removed and replaced with a trustee selected by Heather.

{¶15} The parties filed motions for summary judgment. Relevant to this appeal, the trial court granted appellees' motion, ruling Heather's action is based upon allegations that the Trustee has breached the Trust Agreement and the applicable statute of limitations is within two years upon receipt of any report of a potential claim for breach of trust, or four years if no report is provided. The trial court concluded Heather should have known of the potential breach upon Deborah's death in 2015, therefore the statute of limitations expired in 2019.

{¶16} Heather now appeals from the trial court's judgment entry of September 21, 2021.

{¶17} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶18} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON THE BASIS OF STATUTE OF LIMITATIONS REGARDING HEATHER'S DECLARATORY JUDGMENT AND SPECIFIC PERFORMANCE CLAIM RELATING TO DISTRIBUTION TO BE MADE ON DEATH OF A CHILD WITHOUT ISSUE AS CONTAINED IN SECTION 3(c) OF THE BOLI TRUST."

**ANALYSIS**

{¶19} Heather argues the trial court erred in granting appellees' motion for summary judgment on the basis of expiration of the statute of limitations. We agree.

*Standard of review of summary judgment rulings*

{¶20} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56, which was reaffirmed by the Ohio Supreme Court in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.
>
> *State ex rel. Parsons v. Fleming,* 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994), *citing Temple v. Wean United, Inc.* 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶21} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgment motions on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987).

{¶22} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Miller v. Shreve*, 5th Dist. No. 14CA3, 2014-Ohio-4612, 21 N.E.3d 666, ¶ 19. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. *Id.* The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

{¶23} Civil Rule 56(E) requires: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters in the affidavit. Sworn or certified copies of all paper or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits."

*Does the statute of limitations apply to Heather's second cause of action?*

{¶24} We begin by noting this appeal addresses a narrow issue in the case: whether the trial court erred in granting summary judgment upon the basis of the statute of limitations regarding Heather's second cause of action.

{¶25} Heather's Complaint is for "Declaratory Judgment to Distribute the Assets of, For an Accounting of, and for Removal of the Current Trustee of the Per Lee P. Boli Living Trust DTD 2-27-1980." Complaint, 1. The second cause of action seeks

interpretation and specific performance of Section 3(c) regarding distribution of Deborah's part of the principal after her death without issue.  Complaint, 4; Plaintiff-Appellant's Brief, 10.

{¶26} Heather sought declaratory relief regarding the construction and interpretation of the disposition of Deborah's "part" of the Trust upon Deborah's death, with Heather arguing she is entitled to specific performance in accord with her belief that the whole part should be distributed to her. Appellees respond that their construction of section 3(c) requires only income distribution from Deborah's part to Heather. Thus, we have a dispute as to the meaning of section 3(c), not an allegation of breach of trust by a fiduciary. Our review of section 3(c) indicates the language is ambiguous and requires interpretation.

{¶27} Declaratory relief is available to ascertain the meaning of a trust. *Bank One Tr. Co. N.A. v. Reynolds*, 173 Ohio App.3d 1, 2007-Ohio-4197, 877 N.E.2d 342, ¶ 9 (2nd Dist.), citing R.C. 2721.05(C).  Heather was entitled to seek declaratory relief to determine the meaning of section 3(c).  R.C. 2721.05 states in pertinent part:

> * * * *.
>
> Any person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a decedent, an infant, an incompetent person, or an insolvent person, may have a declaration of rights or legal relations in respect thereto in any of the following cases:

(A) To ascertain any class of creditors, devisees, legatees, heirs, next of kin, or others;

(B) To direct the executors, administrators, trustees, or other fiduciaries to do or abstain from doing any particular act in their fiduciary capacity;

(C) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.

{¶28} The trial court interpreted the second cause of action as one for breach by a fiduciary. The trial court further found the action accrued upon Deborah's death in 2015 when Heather realized her own distributions were a lesser amount than Deborah's.[2] The trial court applied the statute of limitations in R.C. 5810.05, limitation of action against trustees, which states:

(A) A beneficiary may not commence a proceeding against a trustee for breach of trust more than two years after the date the beneficiary, a representative of the beneficiary, or a beneficiary surrogate is sent a report that adequately discloses the existence of a potential claim for breach of trust and informs the beneficiary, the representative of the beneficiary, or the beneficiary surrogate of the time allowed for commencing a proceeding against a trustee.

---

[2] As Heather points out, the trial court's finding implicitly assumes 1) a court has made a definitive declaration of the Trust terms for which the Trustee is in breach, and 2) Heather knows or should have known of the breach. Neither assumption is supported by the record.

(B) A report adequately discloses the existence of a potential claim for breach of trust if it provides sufficient information so that the beneficiary or the representative of the beneficiary knows of the potential claim or should know of the existence of the potential claim.

(C) If division (A) of this section does not apply, notwithstanding section 2305.09 of the Revised Code, a judicial proceeding by a beneficiary against a trustee for breach of trust must be commenced within four years after the first of the following to occur:

(1) The removal, resignation, or death of the trustee;

(2) The termination of the beneficiary's interest in the trust;

(3) The termination of the trust;

(4) The time at which the beneficiary knew or should have known of the breach of trust.

(D) Nothing in Chapters 5801. to 5811. of the Revised Code limits the operation of any principle of law or equity, including the doctrines of laches, unclean hands, estoppel, and waiver, that can bar claims.

{¶29} We agree with Heather, though, that her second cause of action sought declaratory relief and interpretation of Deborah's "part" of the Trust after Deborah's death. To determine the appropriate statute of limitations with respect to a declaratory judgment claim, courts look to the underlying nature or subject matter of the claim. *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 465 N.E.2d 1298 (1984). The Court explained: "[I]n

determining which limitation period will apply, courts must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded. The grounds for bringing the action are the determinative factors, the form is immaterial." *Id.* at 183, citing *Kunz v. Buckeye Union Ins. Co.,* 1 Ohio St.3d 79, 437 N.E.2d 1194 (1982) and *Peterson v. Teodosio,* 34 Ohio St.2d 161, 297 N.E.2d 113 (1973).

{¶30} This claim is not subject to the statute of limitations unless and until the trial court determines the meaning of the section and the Trustee fails to abide by that interpretation. We take no position on Heather's request for specific performance because the interpretation of the section may or may not be favorable to Heather. But as to the narrow issue we address here, her declaratory judgment action is not barred by the statute of limitations.

{¶31} We reject appellees' response that the 2009 probate action definitively addressed the meaning of section 3(c) when the triggering event of Deborah's death did not occur until 2015. Appellees further argue there are flaws in Heather's affidavit. Affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence, or they are subject to a motion to strike. Civ.R. 56(E). Appellee Huntington asserts it "quite specifically objected to and discredited the admissibility of [Heather's] affidavit * * *" but we find no motion to strike in the record and therefore reject the challenges to the affidavit for the limited purposes of this appeal.

{¶32} We sustain Heather's sole assignment of error and reverse the judgment of the Stark County Court of Common Pleas on the issue of whether the statute of limitations applies to Heather's second cause of action for declaratory relief regarding the

construction and interpretation of the disposition of Deborah's "part" of the Trust upon Deborah's death.

## CONCLUSION

{¶33} The decision of the Stark County Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with this opinion.

By: Delaney, J.,

Hoffman, P.J. and

Baldwin, J., concur.