[Cite as *Boli v. Huntington Natl. Bank, Trustee*, 2023-Ohio-3308.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| HEATHER BOLI | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellant | Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. 2023CA00020 |
| HUNTINGTON NATIONAL BANK,<br>TRUSTEE, ET AL., | |
| Defendants-Appellees | O P I N I O N |

CHARACTER OF PROCEEDINGS:      Appeal from the Stark County Court of Common Pleas, Case No. 2020DV00922

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      September 18, 2023

APPEARANCES:

For Plaintiff-Appellant

FRANK J. WITSCHEY
KARAN A. MOSS, ESQ.
Witschey Witschey & Firestine Co., LPA
405 Rothrock Road – Suite #103
Akron, Ohio 44321

For Defendants-Appellees

RONALD B. LEE
LAURA M. FAUST
STEVEN COX
Roetzel & Andress, LPA
222 South Main Street
Akron, Ohio 44308

*Hoffman, P.J.*

**{¶1}** Plaintiff-appellant Heather Boli (hereinafter "Heather") appeals the summary judgment entered by the Stark County Common Pleas Court dismissing her complaint for declaratory judgment, seeking distribution of the assets of the Per Lee P. Boli Living Trust (hereinafter "the Trust"), requesting an accounting of the Trust, and asking for dismissal of the trustee. Appellees are Huntington National Bank (hereinafter "Huntington") both individually and as trustee of the Trust, and Justin L. Boli (hereinafter "Justin").

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On February 27, 1980, Per Lee P. Boli created a revocable living trust, the principal of which was to be used for the benefit of Per, his wife Miriam, and their children Deborah and Heather. The terms of the Trust permitted Per to modify, amend, or revoke the Trust. Additionally, the Trust provided after the death of Per, the Trustee could "in its discretion, pay to or for either daughter such amounts from the principal of her part as the Trustee may deem necessary for her health, welfare, maintenance, comfort and support."

**{¶3}** On November 16, 1987, Per amended the Trust ("First Amendment"). As relevant to this appeal, the First Amendment included a provision for his grandchild, Heather's son, Justin L. Boli. Per also removed language permitting payment of the principal balance to his daughters, replacing it with language instructing the Trustee to "divide the Trust estate into two equal parts," and providing for payment of income from each part by the Trustee to each of the daughters at convenient intervals. Per removed the language permitting discretionary distributions from the principal balance on behalf of either daughter.

**{¶4}** On November 22, 1994, Per amended the Trust for the second time ("Second Amendment"). Section 3(c) of the Second Trust Amendment provides that upon the Settlor's death, in pertinent part:

The Trustee shall divide the trust estate into two equal parts ... separate records shall be maintained for each part. The income from one part shall be paid by the Trustee to each of my said daughters ... at least quarterly during her lifetime. If either daughter dies without issue surviving, her part shall go to her sister or that sister's issue subject to the provisions of this trust; if either sister dies leaving issue surviving, her part shall go to such issue as each reaches the age of 21, subject to the provisions of this trust and subject to the provision herein made for Justin L. Boli.

**{¶5}** Contemporaneously, Per permitted a loan from the Trust to Deborah in the amount of $36,000. The loan was discharged from 1995 through 1998 through a series of annual gifts to Deborah. Per simultaneously gifted equal amounts of money to Heather. Heather took a loan against the Trust in 1996. At the time of Per's death in 2001, Heather owed the Trust $20,000 on the loan, which was listed as an estate asset in Per's estate.

**{¶6}** On April 23, 2009, the Trustee attempted to modify the Trust in Stark County Probate Court. The Trustee sought permission to make additional distributions of the principal to Heather and Deborah. On August 28, 2009, the Probate Court ruled the Trust could not be modified, noting Per's amendment of the Trust prior to his death which

disallowed distributions from the principal balance to Heather and Deborah and instead permitted only income distributions.

**{¶7}** Deborah passed away on July 25, 2015. At the time of her death, Deborah was no longer indebted to the Trust. Upon Deborah's death, Heather began receiving Deborah's distributions of income from the Trust. Deborah's distribution amount was larger than Heather's. Heather questioned why the distribution amounts from the two separate parts were unequal. In February 2020, she questioned a Huntington National Bank trust officer and was given a copy of the Boli Trust and its Amendments.

**{¶8}** Heather believed the unequal distributions were from mismanagement of Section 3(b) of the Trust. Heather also believed pursuant to Section 3(c) of the Second Trust Amendment, she should have received Deborah's "part" of the principal upon Deborah's death. Heather requested distribution of Deborah's part of the principal, but the Trustee refused, interpreting section 3(c) of the Second Trust Amendment as allowing only income distributions to Heather from Deborah's part.

**{¶9}** On June 22, 2020, Heather filed suit in the Stark County Court of Common Pleas when the Trustee refused to pay additional distributions or to provide accountings to which Heather argues she is entitled. Heather's complaint asserts three causes of action: Count One requests a full and complete accounting of Trust assets, receipts, disbursements, and other financial information regarding the Trust; Count Two requests an order for specific performance for the Trustee to make certain distributions; and Count Three requests the Trustee be removed and replaced with a trustee selected by Heather.

**{¶10}** The parties filed motions for summary judgment. The trial court granted Huntington's motion, ruling Heather's action was based upon allegations the Trustee has

breached the Trust Agreement and the applicable statute of limitations is within two years upon receipt of any report of a potential claim for breach of trust, or four years if no report is provided. The trial court concluded Heather should have known of the potential breach upon Deborah's death in 2015, therefore the statute of limitations expired in 2019.

**{¶11}** Heather appealed to this Court.  This Court found the statute of limitations did not bar Heather's complaint seeking declaratory judgment regarding the construction and interpretation of the disposition of Deborah's "part" of the Trust after Deborah's death. *Boli v. Huntington Natl. Bank*, 5th Dist. Stark No. 2021CA00113, 2022-Ohio-2127, ¶32. The case was remanded for further proceedings.

**{¶12}** On remand, both parties moved for summary judgment.  The trial court granted summary judgment to Appellees, finding the language of the Trust provided while Heather is still living, she is to receive income from her own and from Deborah's parts of the Trust, and is not entitled to a distribution of the principal of Deborah's part of the Trust. Pursuant to other provisions of the Trust, because Justin has now reached the age of 35, upon Heather's death the Trust will be terminated and the corpus of the Trust distributed to Justin.  The trial court found Heather was not entitled to a replacement trustee because Huntington has acted consistently with the ultimate ruling the trial court, and her request for a complete and full accounting was moot.  It is from the January 20, 2023 judgment of the trial court Heather prosecutes her appeal, assigning as error:

THE TRIAL COURT ERRED IN GRANTING APPELLEE, HUNTINGTON SUMMARY JUDGMENT AND DENYING APPELLANT, HEATHER BOLI SUMMARY JUDGMENT BY SPECULATING AN INTENT

OF THE SETTLOR OF THE TRUST AND THEN, IN SUPPORT OF SUCH SPECULATION, INTERPRETING THE TRUST IN A MANNER THAT CONFLICTS WITH THE COMMON ORDINARY MEANING OF THE EXPRESS LANGUAGE SETTLOR USED IN THE TRUST.

**{¶13}** This case comes before this Court on appeal from summary judgment.

**{¶14}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36 (1987). As such, we must refer to Civ. R. 56(C) which provides in pertinent part:

Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶15} In the instant case there is no dispute of material fact. Rather, both Huntington and Heather moved for summary judgment in the trial court, arguing they were entitled to judgment as a matter of law based on the plain language of the Trust.

{¶16} Heather first argues the trial court erred in considering the 2009 interpretation of the Trust by the Stark County Probate Court because this Court, in our prior opinion, held the probate court's decision was not applicable to the instant action. In our prior opinion, this Court considered only the issue of whether the declaratory judgment action was barred by the statute of limitations. However, this Court also stated in dicta, "We reject appellees' response that the 2009 probate action definitively addressed the meaning of section 3(c) when the triggering event of Deborah's death did not occur until 2015." *Boli*, *supra*, at ¶31. While this Court found the probate court's prior opinion did not definitively address the meaning of section 3(c), we did not instruct the trial court it could not consider the probate court's decision in its own interpretation of the trust language. The trial court's opinion states, "While not dispositive of the ultimate issue here, the Probate Court found that principal distributions to either daughter were inconsistent with Mr. Boli's intent." Judgment Entry, January 20, 2023, page 8. The trial court's consideration of the probate court's decision recognized the probate court's interpretation was not dispositive, consistent with this Court's prior opinion. We find the trial court did not err in considering the prior opinion of the Probate Court in rendering its own decision interpreting the language of the Trust.

{¶17} Heather next argues the trial court erred as a matter of law in its interpretation of the Trust. The dispute in the instant action concerns the interpretation of Section 3(c) of the second amended trust, which states:

At my death, the Trust shall continue for the benefit of my children, HEATHER BOLI and DEBORAH BOLI. The trustee shall divide the trust estate into two equal parts, provided, however, that such division need not be made by physical division of the trust property but separate records shall be maintained for each part. The income from one part shall be paid by the Trustee to each of my said daughters at convenient intervals but at least quarterly during her lifetime. If either daughter dies without issue surviving, her part shall go to her sister or that sister's issue subject to the provisions of this trust; if either sister dies leaving issue surviving, her part shall go to such issue as each reaches the age of 21, subject to the provisions of this trust and subject to the provision herein made for JUSTIN L. BOLI. My daughter, HEATHER BOLI, now has a child, JUSTIN L. BOLI. If he survives her, her part of the trust shall continue until he reaches the age of 35 years. The Trustee shall use the income or principal at the discretion of the Trustee for his support maintenance, welfare, health and education until he reaches the age of 21 years, at which time the Trustee shall pay to him the income from his share of the trust in convenient intervals but at least quarterly until he reaches the age of 35 years, at which time the trust shall terminate and his share shall be distributed to him.

{¶18} The Ohio Supreme Court has set forth the following standard of review of this Court's interpretation of trust documents:

The determination of the meaning of the disputed language of the trust at the heart of this case is a question of law. "A court's purpose in interpreting a trust is to effectuate, within the legal **parameters established by a court or by statute, the settlor's intent." *Domo v. McCarthy*, 66 Ohio St.3d 312, 612 N.E.2d 706 (1993), paragraph one of the syllabus. Interpreting a trust is akin to interpreting a contract; as with trusts, the role of courts in interpreting contracts is "to ascertain and give effect to the intent of the parties." *Saunders v. Mortensen*, 101 Ohio St.3d 86, 2004-Ohio-24, 801 N.E.2d 452, ¶ 9. This court has held that "[t]he construction of a written contract is a matter of law that we review de novo." *Id*. The same is true of the construction of a written trust; in both *In re Trust of Brooke*, 82 Ohio St.3d 553, 697 N.E.2d 191 (1998), and *Natl. City Bank v. Beyer*, 89 Ohio St.3d 152, 729 N.E.2d 711 (2000), this court applied a de novo standard of review in interpreting trust language in appeals of declaratory judgments.

{¶19} *Arnott v. Arnott,* 132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586, ¶ 14.

{¶20} Heather argues the language providing Deborah's "part" would pass to her upon Deborah's death required a distribution of one-half of the principal of the trust to her upon Deborah's death in 2015.  However, the language which provides for a distribution of either daughter's "part" to the other sister upon her death without surviving issue is modified by the language "subject to the provisions of this trust."  The provisions of the second amended trust set forth no circumstances under which Deborah or Heather were

entitled to a distribution of the principal of the Trust.  The only provision made for distribution of the principal was to Justin under the specific circumstances set forth in the amendment, and to a scholarship fund in the event both Deborah and Heather die without surviving issue. Because Deborah was only an income beneficiary of the Trust and was under no circumstances set forth in the plain language of the second amended trust entitled to a distribution of the principal, we find in order to give effect to the intent of the settlor, Per Boli, Deborah's "part" of the Trust which passed to Heather upon her death referred to Deborah's share of the income of the Trust, and not to a distribution of the principal.  The language of Section 3(c) clearly sets forth the intent of the testator to preserve the principal of the Trust for ultimate distribution to Justin or the scholarship fund.  Because Deborah's "part" of the Trust at her death was solely income, we find the only "part" she could pass to her sister Heather was her share of the income.

**{¶21}** We find the trial court did not err in granting summary judgment in favor of Huntington, and interpreting the trust document to provide upon Deborah's death in 2015, Heather was to receive only the income to which Deborah was entitled to receive under the terms of the Trust.

{¶22} The assignment of error is overruled.  The judgment of the Stark County Common Pleas Court is affirmed.


By: Hoffman, P.J.

Wise, J.  and

King, J. concur